KINGSLAND, *et al.*, Respondents, v. CLARK *et al.*, Appellants.

1. The condemnation and appropriation to public uses of a portion of leased premises will extinguish a proportionate part of the rent; and this proportionate part may be ascertained and fixed in an equitable proceeding instituted for that purpose by the tenant.

*Appeal from St. Louis Land Court.*

The facts sufficiently appear in the opinion of the court.
*W. L. Williams*, for appellant.

I. The condemnation and the appropriation by the city to public use of fifty feet of the leased premises do not affect the

contract for rent between the landlord and tenant. (3 Kent's Com. 464 to 470, 2d ed. ; 15 Wend. 404 ; 24 do. 254 ; 7 do. 21 ; 11 Ohio, 408 ; 15 Mo. 467 ; 15 Pick. 198.)

*C. D. Drake*, for respondent.

I. The title to rent is founded upon the presumption that the tenant enjoys the land during the contract. If he be deprived of the land, the obligation to pay rent ceases, because such obligation has its force only from its consideration, which is the enjoyment of the land.

II. If, therefore, the tenant be evicted from the premises by authority of law, the obligation to pay rent ceases ; and if evicted from a part of the premises, the obligation ceases *pro tanto*, and the rent will be apportioned. (Gilbert on Rents, 145, 146 ; Bacon's Abr. Rent M. 2 ; 3 Kent, 464 ; Lansing v. Van Alstyne, 2 Wend. 561 ; Vaston v. Jones, 2 Iredell Eq. R. 350.)

III. It is competent for a tenant to show, as a defence against the payment of rent, that the relation of landlord and tenant no longer exists. (Lawrence v. Meller, 1 Sandford, S. C. 516, 550 ; Jackson v. Rowland, 6 Wend. 666, 670 ; Bowser v. Bowser, 8 Humph. 23.) The relation of landlord and tenant ceased in this case by the condemnation of the property of both parties to public use. (Foote v. Cincinnati, 11 Ohio, 408 ; David v. Beelman, 5 La. Annual 545 ; Cathbert v. Keehn, 3 Wharton, 357.)

LEONARD, Judge, delivered the opinion of the court.

The principles that constitute this case have been settled at the present term in Biddle v. Hussman. (See 23 Mo. 597.) The condemnation of part of the leased premises extinguished a rateable proportion of the rent ; and in that case this was relied upon as a defence by the tenant in an action against him for the whole rent. In the present case, the same matter is set up as the ground of a proceeding in equity to have the proportion due for the residue of the lot ascertained and settled once

for all, which we think is a proper proceeding, in order to avoid a multiplicity of suits.

The trial was upon the petition and answer, without proof on either side, and at first we had some doubt whether the admissions of the answer were sufficient to show that the full rent had been paid up to the time of the condemnation. But, upon further examination, we find that, although there is a general denial of the fact, yet the specific allegations of the petition, as to the time of the condemnation, and that the rent had been paid up to a subsequent period, are admitted ; and, taking the answer most strongly against the defendant, we must consider the admission as sufficient. The judgment is affirmed.